SUMMARY ORDER

Kai Jiang, a native and citizen of the People’s Republic of China, seeks review of a February 29, 2008 order of the BIA denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Kai Jiang, No. A79 190 076 (B.I.A. Feb. 28, 2008). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the BIA.[1] See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see, e.g., Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed de novo. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
As a preliminary matter, Jiang has waived his claims for withholding of removal and CAT relief by failing to raise them in his brief, and we therefore decline to consider them. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1 (2d Cir.2005).
With respect to Jiang’s asylum claim, the BIA properly concluded that, insofar as it was based on his wife’s forced abortion, it failed under our decision in Shi Liang Lin v. U.S. Dep’t of Justice, 494 F.3d 296, 309-10, 313 (2d Cir.2007). Jiang does not dispute that finding. Instead, he argues that the agency should have granted him asylum because he is the spouse of an applicant who obtained that relief and because his proceedings were consolidated with those of his wife. He asks this Court to remand his proceedings to the agency for consideration of his eligibility for derivative asylee status based on his wife’s application. Because we lack jurisdiction to do so, we dismiss the petition for review to that extent.
A petition for review is not the appropriate vehicle for an application for derivative asylee status. An alien whose spouse is granted asylum may, if not otherwise ineligible for relief, be granted the same status as his spouse as a derivative applicant. See 8 U.S.C. § 1158(b)(3)(A); 8 C.F.R. § 1208.21(a); Shi Liang Lin, 494 F.3d at 312 (stating that, although an alien is not per se eligible for asylum based on persecution suffered by his spouse, an alien whose spouse has been granted asylum on the basis of having undergone a forced abortion is automatically eligible for derivative asylum). When an asylee’s spouse is present in the United States, but was not included in the asylee’s application, the asylee must submit a separate application, Form 1-730, requesting that his or her *692 spouse be granted derivative status. See 8 C.F.R. § 1208.21(c). The Form 1-730 must be submitted within two years of the date on which the asylee was granted asylum. See id. Thus, if Jiang is to receive derivative status, his wife must file an I-730 form with the agency upon the entry of an order granting her own asylum application.
For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. In its decision, the BIA rejected the IJ’s adverse credibility determination, reversed the denial of relief to Jiang’s wife, and affirmed the denial of Jiang’s application for asylum on alternate grounds. In re Kai Jiang, No. A79 190 076 (Immig. Ct. N.Y. City Feb. 17, 2006).